UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KIRK D. WINGO,

                 Plaintiff,

    v.

STATE OF NEVADA, et al.,

                Defendants.

Case No. 3:25-cv-00262-ART-CSD

ORDER

Plaintiff Kirk Wingo brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 8). On December 10, 2025, this Court ordered Wingo to file an amended complaint by January 9, 2026. (*Id.* at 15). The Court warned Wingo that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.*) That deadline was extended to February 23, 2026, on Wingo's motion. (ECF Nos. 9, 10). The extended deadline has expired, and Wingo did not file an amended complaint, move for an extension, or otherwise respond.

## I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

1

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Wingo's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Wingo files an amended complaint, the only alternative is to enter a second order setting another

deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.    CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Wingo's failure to file an amended complaint in compliance with this Court's orders and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. If Wingo wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Wingo's application to proceed *in forma pauperis* (ECF Nos. 1, 4) is granted.

It is further ordered that Wingo is permitted to maintain this action to conclusion without prepaying any additional fees or costs or giving security for them. Wingo will not be required to pay an initial installment of the filing fee. But even though this action is being dismissed, Wingo must still pay the full filing fee under 28 U.S.C. § 1915(b)(2).

It is further ordered that the Nevada Department of Corrections will forward payments from the account of **Kirk D. Wingo, #1052268** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

The Clerk of Court is directed to (1) send a copy of this order to the Finance Division of the Clerk's Office and the attention of Chief of Inmate Services for the

/ / /

/ / /

Nevada Department of Corrections at formapauperis@doc.nv.gov; (2) close this case, and (3) enter judgment accordingly.

DATED: March 13, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE